ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

June 9, 2003

The Honorable Joe R. Smith
Tyler County Criminal District Attorney
Courthouse Annex
100 West Bluff
Woodville, Texas 75979

Opinion No. GA-0080

Re: Whether, under section 542.007 of the
Transportation Code, a county commissioners
court may extend state traffic laws to roads in
a private subdivision and, if so, whether it may
except from the laws thus extended statutes
restricting all-terrain vehicle use on public
roads (RQ-0008-GA)

Dear Mr. Smith:

You ask whether, under section 542.007 of the Transportation Code, the commissioners court in a county with a population of fewer than 100,000 may extend state traffic laws to roads in a private subdivision located in the county's unincorporated area and, if so, whether it may except from the traffic laws thus extended statutes restricting the use of all-terrain vehicles on public roads.[1]

You state that residents of Ivanhoe, a private subdivision located in Tyler County (the "County"), petitioned the county commissioners court to extend state traffic laws to roads in the subdivision. Request Letter, *supra* note 1, at 1.[2] We understand that the Ivanhoe Property Owners' Association owns the roads in the subdivision, although Ivanhoe's entrance is not restricted and its roads are open to the public. LaBorde Brief, *supra* note 2, at 1. The commissioners court approved the proposal and "entered into an interlocutory agreement" to provide officers from the sheriff's department to enforce state traffic laws in the subdivision. Request Letter, *supra* note 1, at 2. Subsequently, following a change in the property owners' association board of directors, the association "submitted an amendment to the commissioner[]s court to exempt all-terrain vehicles from the laws." *Id.*; *see also* LaBorde Brief, *supra* note 2, at 1-2.

---

[1]Letter from Honorable Joe R. Smith, Tyler County Criminal District Attorney, to Honorable Greg Abbott, Texas Attorney General, at 1 (Dec. 12, 2002) (on file with Opinion Committee) [hereinafter Request Letter].

[2]*Accord* Brief from Mr. H. J. (Joe) LaBorde, Ivanhoe Property Owners' Association, to Mr. Rick Gilpin, Deputy Chair, Opinion Committee, Office of the Attorney General, at 1 (Jan. 31, 2003) (on file with Opinion Committee) [hereinafter LaBorde Brief].

Traffic rules applicable to public roads typically do not apply to privately owned roads. *See* TEX. TRANSP. CODE ANN. § 542.005 (Vernon 1999). Section 542.007 of the Transportation Code permits a commissioners court to extend traffic rules to roads in a private subdivision in certain circumstances:

> (a) This section applies only to a subdivision that is located in the unincorporated area of a county with a population of 100,000 or less.[3]

> (b) On petition of 25 percent of the property owners residing in a subdivision in which the roads are privately maintained or on the request of the governing body of the entity that maintains those roads, the commissioners court of the county by order may extend any traffic rules that apply to a county road to the roads of the subdivision if the commissioners court finds the order in the interest of the county generally. The petition must specify the traffic rules that are sought to be extended. The court order may extend any or all of the requested traffic rules.

*Id.* § 542.007 (Vernon Supp. 2003). If a commissioners court issues an order extending traffic rules under section 542.007(b), "the private roads in the subdivision are considered to be county roads for purposes of" applying and enforcing "the specified traffic rules." *Id.* § 542.007(d). Section 542.007 applies to the County, which has a population of fewer than 100,000 people. *See* BUREAU OF THE CENSUS, U.S. DEP'T OF COMMERCE, 2000 CENSUS OF POPULATION, *available at* http://www.census.gov/ (population of Tyler County: 20,871). The Ivanhoe subdivision is located in an unincorporated area of the County. Telephone Conversation with District Attorney's Office (May 8, 2003).

State law generally does not permit an individual to operate an all-terrain vehicle on a public road:

> (a) A person may not operate an all-terrain vehicle on a public street, road, or highway except as provided by this section.

> (b) The operator of an all-terrain vehicle may drive the vehicle across a public street, road, or highway that is not an interstate or limited-access highway [in certain circumstances].

TEX. TRANSP. CODE ANN. § 663.037(a)-(b) (Vernon Supp. 2003); *see also id.* § 663.001(1) (Vernon 1999) (defining "all-terrain vehicle").

---

[3] The Seventy-eighth Legislature has adopted an amendment to subsection (a) that will raise the population requirement to "500,000 or less." *See* Act of May 22, 2003, 78th Leg., R.S., H.B. 1439 (to be codified at TEX. TRANSP. CODE ANN. § 542.007(a)). If signed by the Governor, the amendment will take effect September 1, 2003. *See id.* § 2.

Section 542.007(b) expressly authorizes certain commissioners courts to extend traffic rules applicable to county roads to private subdivision roads if subdivision property owners present a proper petition. In addition, subsection (b) expressly permits a county to extend some traffic rules and not others. In particular, the statute requires a property owners' petition to specify the traffic rules that they seek the county to extend, which would be unnecessary if the property owners could petition only to have all traffic rules apply. *Id.* § 542.007(b) (Vernon Supp. 2003). Section 542.007(b) further authorizes a county, if it approves a petition, to extend "any or all" of the requested rules. *Id.* Thus, the Ivanhoe property owners could have petitioned the County's commissioners court to extend all applicable traffic rules except those restricting the use of all-terrain vehicles, and the commissioners court could have approved the petition. In the alternative, the commissioners court could have approved the Ivanhoe petition but decided on its own motion to except restrictions on all-terrain vehicle use although the Ivanhoe property owners did not request the exception.

Your inquiry concerns a county commissioners court's authority to do by amendment what it could have done in its original order. Although neither the original petition nor the original commissioners court's order excepted all-terrain vehicle restrictions, Ivanhoe property owners now petition the County commissioners court to amend its original order to permit all-terrain vehicle use on subdivision roads. *See* Request Letter, *supra* note 1, at 1. Your circumstances thus differ from either of the situations that section 542.007(b) expressly addresses. *See* TEX. TRANSP. CODE ANN. § 542.007(b) (Vernon Supp. 2003).

A commissioners court may amend a previous order "insofar as the amendment conforms to" the court's statutory authority and does not violate constitutional rights. Tex. Att'y Gen. Op. No. JM-534 (1986) at 5. Nothing here indicates that the proposed amendment is contrary to the court's statutory authority or contravenes constitutional rights.

We conclude that the Tyler County Commissioners Court may extend traffic rules applicable to county roads to roads in a private subdivision in accordance with section 542.007 of the Transportation Code. Moreover, the court may amend its order to except from the applicable laws those statutes restricting all-terrain vehicle use on public roads.

## S U M M A R Y

In accordance with section 542.007 of the Transportation Code, a county commissioners court may extend all or some of the traffic rules applicable to county roads to roads in a private subdivision. *See* TEX. TRANSP. CODE ANN. § 542.007(b) (Vernon Supp. 2003). In addition, a commissioners court that has, by order, extended its traffic rules to private subdivision roads may amend a previously issued order to except otherwise applicable restrictions on all-terrain vehicle use.

Very truly yours,

GREG ABBOTT
Attorney General of Texas


BARRY R. MCBEE
First Assistant Attorney General

DON R. WILLETT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Kymberly K. Oltrogge
Assistant Attorney General, Opinion Committee